UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PATRICK SHANE,                                        Index No. 05 CV 2953 (LLS)

                     Plaintiff,

         -against                    **NOTICE OF APPEARANCE**
                                             **AND ANSWER**

360 GLOBAL WINE COMPANY f/k/a
KNIGHTSBRIDGE FINE WINES, INC., JOEL
SHAPIRO, MICHAEL L. JEUB, PHILIP E. PEARCE
and LARRY KIRKLAND,

                    Defendants.
-----------------------------------------------------------------X

     **PLEASE TAKE NOTICE**, that Defendants 360 Global Wine Company f/k/a Knightsbridge Fine Wines, Inc., Joel Shapiro, Michael J. Jeub, Philip E. Pearce and Larry Kirkland hereby appear in the above captioned action by the undersigned, and as and for their Answer to the Complaint allege as follows:

    1.    Deny so much of Paragraph "1" of the Complaint as attribute any motives to Defendants' actions or has inflammatory language and/or fails to state a fact.

    2.    Admit the allegations contained in Paragraphs "2", "3", "4", "5", "6", "7", "8", "9", "10" and "11" of the Complaint.

    3.    Deny so much of Paragraph "12" of the Complaint as alleges that Knightsbridge was "founded by Plaintiff Patrick Shane".

    4.    Deny so much of Paragraph "13" of the Complaint as alleges that Plaintiff Shane "co-founded JS Capital LLC".

    5.    Deny so much of Paragraph "15" of the Complaint as alleges that 7,169,750 shares were issued to Plaintiff Shane.

6.     Deny so much of Paragraph "16" of the Complaint as alleges that Plaintiff Shane owned 7,000,000 shares.

7.     Deny the allegations contained in Paragraph "17" of the Complaint.

8.     Deny the allegations contained in Paragraph "18" of the Complaint.

9.     Admit the allegations contained in Paragraphs "19" and "20" of the Complaint.

10.    Deny so much of Paragraph "21" of the Complaint as alleges that Plaintiff Shane acquired any shares of Knightsbridge inasmuch as he failed to pay the required consideration for same.

11.    Deny the allegations contained in Paragraph "22" of the Complaint.

12.    Deny so much of Paragraph "23" of the Complaint as alleges that numerous SEC filings listed Plaintiff Shane as a holder of shares and represented that all shares were fully paid and not accessible.

13.    Admit the allegations contained in Paragraphs "24", "25", "26", "27", "28", and "29" of the Complaint.

14.    Deny so much of Paragraph "30" of the Complaint as alleges that Plaintiff Shane owned shares of Knightsbridge.

15.    Lack sufficient knowledge to either admit or deny the allegations contained in Paragraph "31" of the Complaint as to what documents, if any, Plaintiff Shane's attorney was preparing.

16.    Admit the allegations contained in Paragraph "32" of the Complaint.

17.    Deny the allegations contained in Paragraph "33" of the Complaint.

18.    Admit the allegations contained in Paragraphs "34"  and "35" of the Complaint.

19.    Deny the allegations contained in Paragraphs "36" and "37" of the Complaint.

20.     Admit the allegations contained in Paragraphs "38", "39" and "40" of the Complaint.

21.     Deny so much of Paragraph "41" of the Complaint as alleges that Plaintiff Shane paid for the shares of Knightsbridge.

22.     Neither admit nor deny the allegations contained in Paragraph "43" of the Complaint inasmuch as any such letters speak for themselves.

23.     Deny so much of Paragraph "44" of the Complaint as alleges that Plaintiff Shane owned shares, however admits that the company did not "return" shares to Plaintiff Shane or issue him new shares.

24.     Admit the allegations contained in Paragraph "45" of the Complaint.

25.     Admit and/or deny the allegations contained in Paragraph "46" of the Complaint to the extent such admissions or denials are set forth hereinabove with the same force and effect as set forth hereat in length.

26.     Deny the allegations contained in Paragraphs "47", "48", "49" and "50" of the Complaint.

27.     Deny the allegations contained in Paragraph "51" of the Complaint to the extent such denials are set forth hereinabove with the same force and effect as set forth hereat in length.

28.     Deny the allegations contained in Paragraphs "52", "53", "54", "55" and "56" of the Complaint.

29.     Deny the allegations contained in Paragraph "57" of the Complaint to the extent such denials are set forth hereinabove with the same force and effect as set forth hereat in length.

30.     Admit only so much of Paragraph "58" of the Complaint as alleges that the Board of Directors had fiduciary duty.

31.     Deny the allegations contained in Paragraphs "59" and "60" of the Complaint.

32.      Admit so much of Paragraph "61" of the Complaint as alleges that Plaintiff was not a

unique case, but deny each and every allegation of the Paragraph.

33.      Deny the allegations contained in Paragraphs "62", "63", "64" and "65" of the

Complaint.

Dated: New York, New York
          May 4, 2005

                                        Yours, etc.,


                                        _S/_____
                                        ROBERT N. SWENTICK (RNS  6443)
                                        Attorney for Defendants
                                        217 Broadway, Suite 304
                                        New York, New York 10007
                                        (212) 349-2800



TO:      LAW OFFICES OF DAVID J. WOLKENSTEIN
          By: David Wlkenstein (DW 0398)
          Attorneys for Plaintiff
          22 West 38th Street, 12th Floor
          New York, New York 10187
          (212) 302-2600

-4-